IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | : : : | MDL 1586 |
| In re Excelsior, Federated, Scudder and AMCAP | : : : | Case No. 04-MD-15861 |
| [Excelsior Sub-Track] | : | Nos. 04-1455; **04-3353** |

...o0o...

### Corrected MEMORANDUM

This will address the motions to dismiss (omnibus and supplemental) pending in the Excelsior sub-track.[1]  The motions are addressed to the Consolidated Amended Class Action Complaint in 04-1455 filed September 29, 2004 (docket entry no. 182 in 04-md-15861) and the Consolidated Amended Fund Derivative Complaint in **04-3353** filed September 29, 2004 (docket entry no. 177 in 04-md-15861).

Named as defendants in the class action complaint are the "Excelsior Defendants" including the parents (Schwab), advisers (U.S. Trust), registrars, officers, directors and trustees; the Canary defendants; and the "Broker and Clearing Platform Defendants" including Wall Street Discount, Bank of America, and Bear Stearns.  Named as defendants in the fund derivative complaint are the "Excelsior Fund Defendants" including the parent (Schwab), advisers (U.S. Trust), and directors; various "Timer" defendants including Bank of America, Canary, Aurum, Trautman, Pritchard, and Samaritan; and the funds as nominal defendants.

Having independently reviewed the Investor Class Opinion and the Fund Derivative Opinion issued by Judge Motz on August 25, 2005 in No. 04-md-15863, I agree with his

---

[1] This Memorandum will not, however, address the motions pending in 04-2591, the Fund Parent action, as to which ruling is **deferred**.

reasoning. Accordingly, for the reasons stated in those opinions, the following rulings are made.

<u>Class Complaint</u>

Counts One, Two, and Three (Sections 11, 12, and 15 of the Securities Act) are **Dismissed**.

The motions to dismiss by the Excelsior Defendants as to Counts Four (Section 10(b) and Rule 10b-5 of the Exchange Act) and Five (Section 20 of the Exchange Act) are **Denied**, except that a ruling is **Deferred** as to the five "outside" director/trustees. The motions to dismiss Count Four are **Stayed** as to Canary; **Denied** as to Bank of America and Bear Stearns; and **Granted** as to Wall Street Discount.[2]

Counts Six and Seven (Sections 34(b) and 36(a) of the ICA) are **Dismissed**.

The motion filed by the Excelsior Defendants to dismiss Count Eight (Section 34(b) of the ICA) is **Denied without prejudice** subject to later determination whether the 36(b) claim may be brought in the class action or only in the fund derivative action, and subject to later determination as to the independent director/trustees.

Count Nine (Section 48(a) of the ICA) is **Dismissed** as to Sections 34(b) and 36(a) and **Denied without prejudice** as to 36(b).

Counts Ten through Thirteen (all state law claims) are **Dismissed** on the basis of preemption under SLUSA with leave to amend consistent with the Investor Class Opinion.

<u>Fund Derivative Complaint</u>

The motion to dismiss Count I (Section 36(b) of the ICA) is **Denied**.

---

[2] Wall Street Discount is alleged to have negotiated and facilitated Canary's timing of Excelsior Funds but not to have directly engaged in any significant trading for its own benefit. (Cons. Amd. Class Action Cplt. ¶¶ 54-58.)

2

Counts II-V (Sections 36(a) and 47 of the ICA, Sections 206 and 215 of the IAA, and Section 48 of the ICA) are **Dismissed**, except the Section 48 claim as it relates to Section 36(b).

Counts VI-XII (all state law claims) are **Dismissed** for failure to make demand as required by applicable state law.

The parties shall submit appropriate Orders implementing these rulings and advising of any non-substantive errors or omissions within 30 days.  Any motions for reconsideration (not to be directed to the rulings in the Investor Class Opinion or the Fund Derivative Opinion) also are due within 30 days.


| | |
|---|---|
| __November 4, 2005__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |

3