**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | | |
|---|---|---|---|
| IN RE MUTUAL FUNDS | ) | MDL 1586 | |
| INVESTMENT LITIGATION | ) | | |
| | ) | Case Nos. | 04-md-15863 |
| Federated sub-track | ) | | 04-cv-0928 (Lead Case) |
| _____ | ) | | |

**DEFENDANT BANC OF AMERICA SECURITIES'
ANSWER TO THE CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT IN THE FEDERATED SUB-TRACK**

Defendant Banc of America Securities, LLC ("BAS"), by its undersigned attorneys, for its answer to the Consolidated Amended Class Action Complaint (the "Complaint"), responds as follows.  Pursuant to an agreement approved by this Court on March 17, 2006 (Dkt. Entry No. 665), Bank of America Corporation has been dismissed from this action.  This Answer is filed only on behalf of BAS, one of several defendants in this action.  To the extent the Complaint contains allegations regarding other persons or entities, BAS denies knowledge or information sufficient to form a belief as to the truth of such allegations.  BAS has responded to each of the allegations it believes requires a response.  To the extent that there are additional allegations that require a response, BAS reserves its right to supplement its response to those allegations.

1.       BAS does not respond to plaintiffs' characterization of this action or the legal conclusions in paragraph 1 of the Complaint.

2.       BAS denies the allegations in paragraph 2 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

3.      BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3-4 of the Complaint.

4.      BAS does not respond to the legal conclusions in paragraphs 5-7 of the Complaint.  To the extent that those paragraphs set forth allegations that require a response, BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

5.      BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8-46 of the Complaint, except no response is required for paragraphs 22, 25, 36 and 41 of the Complaint.

6.      BAS denies the allegations in paragraph 47 of the Complaint, except BAS admits that (1) BAS is a subsidiary of Bank of America Corporation; and (2) BAS is registered broker-dealer and investment advisor.

7.      BAS denies the allegations in paragraph 48 of the Complaint, except BAS admits that (1) BAS is registered broker-dealer; (2) Sihpol was employed as a broker in the New York office of BAS's Private Client Services group; and (3) BAS earned fees in connection with its relationship with Canary.

8.      BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 49-56 of the Complaint, except no response is required for paragraph 53.

9.      BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 57-60 of the Complaint, except BAS does not respond to the legal conclusions therein.

10. BAS denies the allegations in paragraph 61 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

11. BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62-64 of the Complaint.

12. Paragraphs 65-72 of the Complaint set forth plaintiffs' characterization and understanding of market-timing and certain aspects of the mutual fund industry, and therefore do not require a response. To the extent that those paragraphs set forth allegations that require a response, BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

13. BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 73-96.

14. BAS denies the allegations in paragraph 97 of the Complaint, except BAS admits that Jim Sweeney of BAS assisted in structuring a derivative transaction with Canary; and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 relating to other defendants.

15. BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

16. BAS denies the allegations in paragraph 99 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants and denies knowledge or information sufficient to form a belief as to what information was conveyed by the confidential witnesses to plaintiffs.

17.     BAS denies the allegations in paragraph 100 of the Complaint, except BAS admits that BAS representatives met with Canary representatives to discuss a potential relationship; denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants; and denies knowledge or information sufficient to form a belief as to what information was conveyed by Confidential Witnesses 1 to plaintiffs.

18.     BAS denies the allegations in paragraph 101 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

19.     BAS denies the allegations in paragraph 102 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

20.     BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103-129 of the Complaint.

21.     BAS denies the allegations in paragraph 130 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

22.     BAS denies the allegations in paragraph 131 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

23.     BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint.

24.     BAS denies the allegations in paragraph 133 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

25.     BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 134-144 of the Complaint.

26.     BAS denies the allegations in paragraph 145 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

27.     BAS denies the allegations in paragraph 146 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

28.     BAS denies the allegations in paragraph 147 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

29.     BAS denies the allegations in paragraph 148 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

30.     BAS denies the allegations in paragraph 149 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

31.     BAS denies the allegations in paragraph 150 of the Complaint, except BAS admits that it earned fees in connection with its relationship with Canary, and denies

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint relating to other defendants.

32.     BAS denies the allegations in paragraph 151 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

33.     BAS denies the allegations in paragraph 152 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

34.     BAS denies the allegations in paragraph 153 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

35.     BAS denies the allegations in paragraph 154 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

36.     BAS denies the allegations in paragraph 155 of the Complaint, except BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations therein relating to other defendants.

37.     BAS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 156-162 of the Complaint.

38.     BAS does not respond to paragraphs 163-187 of the Complaint, as they set forth claims that are not asserted against BAS.

39.     In response to paragraph 188 of the Complaint, BAS repeats and realleges the above paragraphs of this Answer as if fully set forth herein.

40.     BAS does not respond to the legal conclusions set forth in paragraph 189 of the Complaint.

41.     BAS denies the allegations in paragraph 190 of the Complaint.

42.     BAS denies the allegations in paragraph 191 of the Complaint.

43.     BAS denies the allegations in paragraph 192 of the Complaint.

44.     BAS denies the allegations in paragraph 193 of the Complaint.

45.     BAS denies the allegations in paragraph 194 of the Complaint.

46.     BAS denies the allegations in paragraph 195 of the Complaint.

47.     BAS denies the allegations in paragraph 196 of the Complaint.

48.     BAS denies the allegations in paragraph 197 of the Complaint.

49.     BAS does not respond to the legal conclusions set forth in paragraph 198 of the Complaint.

50.     BAS denies the allegations in paragraph 199 of the Complaint.

51.     BAS denies the allegations in paragraph 200 of the Complaint.

52.     BAS denies the allegations in paragraph 201 of the Complaint.

53.     BAS denies the allegations in paragraph 202 of the Complaint.

54.     BAS denies the allegations in paragraph 203 of the Complaint.

55.     BAS denies the allegations in paragraph 204 of the Complaint.

56.     BAS denies the allegations in paragraph 205 of the Complaint.

57.     BAS denies the allegations in paragraph 206 of the Complaint.

58.     BAS denies the allegations in paragraph 207 of the Complaint.

59.     BAS does not respond to paragraphs 198(p. 74)-213(p.77) of the Complaint, as they set forth claims that are not asserted against BAS.

60.     BAS does not respond to paragraphs 214-229 of the Complaint, as they set forth claims that this Court has dismissed as against BAS.

61.     BAS does not respond to paragraphs 230-236 of the Complaint, as they set forth a claim that is not asserted against BAS.

62.     BAS does not respond to paragraphs 237-248 of the Complaint, as they set forth claims based on state law, which claims this Court has dismissed.

## FIRST AFFIRMATIVE DEFENSE

63.     The Complaint fails to state a claim against BAS upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

64.     Plaintiffs' causes of action are barred in whole or in part as against BAS by the applicable Statute of Limitations and/or Statute of Repose.

## THIRD AFFIRMATIVE DEFENSE

65.     Plaintiffs, or one of them, lack standing to sue BAS under the federal securities laws.  Also, plaintiffs lack standing to sue on behalf of shareholders of funds that plaintiffs did not own during the relevant time period.

## FOURTH AFFIRMATIVE DEFENSE

66.     Plaintiffs are not entitled to the certification of any class because plaintiffs' claims are not suitable for a class action under Rule 23 of the Federal Rules of Civil Procedure, plaintiffs are not suitable class representatives and/or plaintiffs have failed to comply with the provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1.

## FIFTH AFFIRMATIVE DEFENSE

67.     Plaintiffs' claims are barred because they fail to satisfy the standards imposed under Federal Rule of Civil Procedure 9(b) and the Private Litigation Securities Reform Act, 15 U.S.C. § 78u-4(b)(1), and otherwise fail properly to identify the alleged false or misleading statements or omissions of which plaintiffs complain.

## SIXTH AFFIRMATIVE DEFENSE

68.     Plaintiffs' claims are barred because BAS did not employ any alleged device, scheme, or artifice to defraud, including any that directly or indirectly: (a) involved material facts; (b) were reasonably relied on by plaintiffs or any member of the alleged class; (c) caused or contributed to any loss or damage incurred by plaintiffs or any member of the alleged class; (d) were made in connection with the purchase or sale of any security by plaintiffs or anyone else; (e) were made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

## SEVENTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims are barred because BAS did not engage in any alleged act, practice, course of business, or transaction that operated as a fraud or deceit, including any that directly or indirectly: (a) involved material facts; (b) were reasonably relied on by plaintiffs or any member of the alleged class; (c) caused or contributed to any loss or damage incurred by plaintiffs or any member of the alleged class; (d) were made in connection with the purchase or sale of any security by plaintiffs or anyone else; (e) were made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

### EIGHTH AFFIRMATIVE DEFENSE

70.     Plaintiffs fail adequately to plead knowledge, scienter, and/or intent, including by failing to state with particularity facts that give rise to a strong inference of scienter as required by 15 U.S.C. § 78u-4(b)(2)-(3).

### NINTH AFFIRMATIVE DEFENSE

71.     No plaintiff or any member of the alleged class has not sustained any non-speculative, legally compensable damages by reason of any action of BAS.  To the extent the plaintiffs have suffered damages, any such damages were caused in whole or in part by intervening reasons, entities, or persons other than the defendants and their alleged actions, misstatements, failures to act, or omissions.

### TENTH AFFIRMATIVE DEFENSE

72.     The damages claimed by plaintiffs against BAS are barred to the extent they exceed the limitations imposed by the Private Litigation Reform Securities Act and other applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

73.     Plaintiffs' claims against BAS are barred because plaintiffs have already been compensated or will be compensated for any damages allegedly caused by BAS through regulatory settlements, settlements with other defendants, or settlements with third parties.

### TWELFTH AFFIRMATIVE DEFENSE

74.     Plaintiffs' claims are barred to the extent that they purport to hold BAS responsible for material misrepresentations made, or conduct engaged in, by third parties or other defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

75.     Plaintiffs' claims against BAS are barred, in whole or in part, by the doctrines of assumption of the risk, contributory negligence, laches, waiver, estoppel, and/or unclean hands, and recovery is barred to any plaintiff or member of the alleged class who consented, approved, acquiesced in, ratified, or participated at any time in any activity that plaintiffs challenge as improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

76.     BAS is not jointly and severally liable for any verdict or final judgment obtained by plaintiffs in this action because BAS did not knowingly commit a violation of the securities laws, and, to the extent plaintiffs obtain any verdict or final judgment against BAS in this action, any such verdict or final judgment must be reduced pursuant to Sections 21D(f)(2)(B), 21D(f)(3) and 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(2)(b), 15 U.S.C. § 78u-4(f)(3) and 15 U.S.C. § 78u-4(f)(7), such that any liability on the part of BAS shall be limited to the portion of the judgment that corresponds to the percentage of responsibility of BAS.

## FIFTEENTH AFFIRMATIVE DEFENSE

77.     Plaintiffs have failed to join necessary and indispensable parties with respect to one or more of the causes of action asserted in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

78.     Plaintiffs are not entitled to any of the relief that they have requested.

## SEVENTEENTH AFFIRMATIVE DEFENSE

79.     Venue is inappropriate in the Western District of Pennsylvania.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

80.   BAS hereby adopts by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

**NINETEENTH AFFIRMATIVE DEFENSE**

81.   BAS hereby reserves the right to amend this Answer to plead and assert additional affirmative defenses as they become known and appropriate during the course of the litigation.

WHEREFORE BAS demands judgment as follows:

1.   Dismissing the Complaint.

2.   Awarding BAS costs and disbursements, including reasonable attorneys' fees; and

3.   Granting BAS such other and further relief as the Court may deem just and proper.

Dated: May 1, 2006

Respectfully Submitted,

WACHTELL, LIPTON, ROSEN & KATZ

By:     /s/  Stephen R. DiPrima
        Stephen R. DiPrima
        Martin J.E. Arms
        Michael S. Winograd

51 West 52nd Street
New York, New York  10019
(212) 403-1000

James D. Mathias
David Clarke, Jr.
Strider L. Dickson
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000

*Attorneys for Defendant Banc of America Securities, LLC*